IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| TIMOTHY C. ANDERSON, JR., | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. __1:23CV8__ |
| | ) |
| NUTRA PURE, LLC, | ) |
|   d/b/a CBD*Pure*, | ) |
|   a/k/a CBD Pure, | ) |
|   Registered Agent: | ) |
|     Clayton Montgomery | ) |
|     5305 NE 121st AVE, Unit 105 | ) |
|     Vancouver, Washington 98682 | ) |
| | ) |
|   Registered Agent Mailing address: | ) |
|   Clayton Montgomery | ) |
|   2621 NE 134th ST, Suite 220 | ) |
|   Vancouver, Washington 98686-3036 | ) |
| | ) |
|    Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Timothy C. Anderson, Jr. (*hereinafter* "Plaintiff" or "Anderson"), by counsel, and moves for judgment against Defendant Nutra Pure, LLC, *d/b/a* CBD*Pure*, *a/k/a* CBD Pure ("Defendant" or "CBD Pure"), for the reasons and on the bases set forth herein.

### INTRODUCTION

1. Plaintiff Anderson tested positive for THC after using CBD Pure's products and suffered injury and damages as a result thereof. This is a suit for negligence, breach of warranty, and violation of the Virginia Consumer Protection Act arising from Plaintiff Tim Anderson's use of CBD Pure's products.

## THE PARTIES

2.      At all times relevant herein, Plaintiff Timothy Anderson is and was a citizen of the Commonwealth of Virginia, living in the Town of Crockett, in Wythe County, and a licensed registered nurse.

3.      Defendant Nutra Pure, LLC is incorporated in and has its principal place of business in the State of Washington: it is a citizen of the State of Washington. At all times relevant herein, CBD Pure, was and is "a grower and producer of [...] full-spectrum cannabidiol ('CBD')[1] oil derived from [...] industrial hemp grown in Colorado and Washington," conducted business in Virginia by advertising, offering for sale, and selling its products to consumers in Virginia, and by receiving payment for its products from consumers in Virginia. *See* CBDPure, *What is CBDPure*, https://www.cbdpure.com/what-is-cbdpure.html, last visited Dec. 15, 2022 at 4:25 PM.

---

[1] All Cannabis sativa plants contain cannabinoids, or a group of substances found in the cannabis plant, to include delta-9-tetrahydrocannabinol, *a/k/a* THC, the substance that gives marijuana its psychoactive properties. *See* U.S. Department of Health and Human Services, National Center for Complementary and Integrative Health, *Cannabis (Marijuana) and Cannabinoids: What You Need to Know*, https://www.nccih.nih.gov/health/cannabis-marijuana-and-cannabinoids-what-you-need-to-know, last visited Dec. 22, 2022 at 4:32 PM. These plants also contain CBD. *Id*. The hemp plant is harvested for its CBD, and it goes through an extraction and distillation process to remove THC and other materials before leaving a CBD concentrate that can be infused into a consumable product. Hemp is not a controlled substance, but cannabis products cannot legally contain more than 0.3% of THC. *See* The Agriculture Improvement Act of 2018, Pub. L. 115-334, Title X, Sec. 10113 (2018). This is information that Kat (intern) included in her memo to you. The Act that she cited does not necessarily contain all of the information that she stated in the memo. I found some helpful info on USDHHS website.

## VENUE AND JURISDICTION

4. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332: Plaintiff is a citizen of the Commonwealth of Virginia, Defendant is a citizen of the State of Washington, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. Venue properly lies in the Abingdon Division for the United States District Court for the Western District of Virginia, pursuant to 28 U.S.C. § 1391(b)(2), *i.e.,* "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated": Plaintiff Anderson ordered CBD Pure products via the internet while at his home in Wythe County, Plaintiff Anderson made payment to CBD Pure while in Wythe County, CBD Pure shipped its products to Plaintiff Anderson in Wythe County, and Plaintiff Anderson used the CBD Pure products at his home in Wythe County.

## FACTS

6. The prior paragraphs are re-alleged herein as if fully set forth.

7. Anderson has been serving in health care since 1984, first as a nursing assistant, and then beginning in 1986 as a Registered Nurse.

8. For approximately the past 15 years, Anderson has served in an executive capacity as Chief Nursing Officer.

9. In August 2020, from his home in Wythe County, Virginia, Anderson began using CBD oil, in topical and oral formulation, with the approval of his treating physician, as a treatment modality.

10. Anderson suffers from rheumatoid arthritis and other ailments to which CBD oil is purported to provide relief.

11.     Anderson's use of CBD oil with the approval of his treating physician constituted a valid medical reason for using CBD.

12.     At all times relevant herein, Anderson did not use any illegal or illicit substances, including marijuana (nor has he since used any illegal or illicit substances).

13.     In February/March 2021, Fort Sanders Regional Medical Center (Fort Sanders) extended to Anderson a conditional offer of employment as its Chief Nursing Officer: one condition of the offer was that Anderson submit to a urine drug screen and that the results of the screen be negative.

14.     Anderson submitted to the urine drug screen.

15.     On March 3, 2021, the urine drug screen confirmed positive for THC.

16.     At the time of his pre-employment urine drug screen Anderson was using CBD Pure's topical and oral CBD oil from CBD Pure, while at his home in Wythe County, Virginia.

17.     For several years prior to his urine drug screen in March 2021, Anderson had been regularly subjected to urine drug screens by his treating physician.

18.     None of his urine drug screens, pre-dating or post-dating March 3, 2021, have been positive for THC.

19.     Upon learning of the positive urine screen for THC (taken on March 3, 2021), Anderson discontinued use of CBD Pure's CBD oil.

20.     Anderson subsequently submitted to a urine drug screen on March 16, 2021, which was negative for THC.

21.     Prior to his March 3, 2021, urine drug screen, Anderson was using CBD Pure's CBD oil, *i.e.*, CBD Hemp Oil 1000 mg and CBD Infused Cream, as directed for use by CBD Pure, from his home in Wythe County, Virginia,.

22.     CBD Pure's oil is advertised, via the internet to persons in the Commonwealth of Virginia, to include the Western District of Virginia, as including "high-potency CBD, and cold-pressed hemp oil" CBDPure, *About CBD Pure*, *Our Commitment to Quality*, https://www.cbdpure.com/about-us.html, last visited Dec. 22, 2022 at 4:49 PM.

23.     From his home in Wythe County, Virginia, Anderson ordered and purchased CBD Pure's CBD oil directly from CBD Pure, via the internet.

24.     After ordering the CBD Pure products, CBD Pure shipped the products to Anderson's home in Wythe County, Virginia.

25.     Neither the CBD Pure packaging in which CBD Pure packaged Anderson's CBD oil nor the tube and bottle provided to and used by Anderson indicated that the substances therein contained THC.

26.     The CBD Pure product packaging does state that:

> We test every batch of oil that we process to ensure that it meets the purity standards that you demand.
> For your convenience, you can check this bottle's lab test results by visiting: www.cbdpure.com/labs.

27.     Noticeably, the advertisement on the packaging does <u>not</u> state that a consumer can check the amount of THC contained in CBD Pure products by "check[ing] [the] bottle's lab test results": the implication by the statement on the packaging is that the "lab test results" merely provide information about the CBD oil's "purity."

28.     Information available at www.cbdpure.com/labs is the sole means that a user or prospective user of CBD Pure products may learn that the products contain THC: nothing in CBD Pure's advertising discloses that its products contain THC, or may cause a user to test positive for THC.

29. Nothing about the labeling of CBD Pure's CBD oil would prompt a consumer, like Anderson, to suspect that it contains THC.

30. CBD Pure's website provides a list of "FAQs" about its products, including, but not limited to the following:

> **Will CBD make me feel "high?"**
> No. You will not experience a "high" feeling from ingesting CBD oil. The CBD oil (https://www.cbdpure.com/) used in CBD*Pure* is derived from industrial and is non-psychoactive.
>
> **Will CBD make me fail a drug test?**
> CBD is considered to be undetectable in saliva or urine tests. All CBD*Pure* products comply with applicable regulations regarding tetrahydrocannabinol content.

CBDPure, *FAQs*, https://www.cbdpure.com/faq.html, last visited Dec. 15, 2022 at 4:41 PM.

31. CBD Pure's "FAQs" are misleading: its representations lead consumers, to include Anderson, to believe that its products are free from THC and undetectable in a saliva or urine screen.

32. Upon receiving notification of his positive drug screen, Anderson attempted to salvage his relationship with Fort Sanders.

33. However, the damage had already been done: Fort Sanders withdrew its offer to hire Anderson as its Chief Nursing Officer.

34. Anderson remained unemployed thereafter for several months, despite his attempts to secure employment, and subsequent employment did not fully mitigate the losses he suffered and continues to suffer from losing the offer of employment with Fort Sanders.

35. Moreover, Anderson suffered mentally and emotionally from having his job offer rescinded and knowing that his prospective employer and fellow professionals in health care believed he used marijuana.

36. Additionally, as a result of his positive urine drug screen taken on March 3, 2021, Anderson was the subject of a complaint to the Tennessee Board of Nursing (*hereinafter* the "Board").

37. The Board, after conducting an investigation, found that Anderson had (1) violated Tenn. Code Ann. § 63-1-126 by "[t]esting positive for a[] drug on a[] government or private sector preemployment, or employer-ordered confirmed drug test" and (2) violated Tenn. Code Ann. § 63-7-115(a)(1) for committing unprofessional conduct.

38. Anderson incurred attorney's fees and costs for representation before the Board as a result of the investigation initiated because of his positive urine screen on March 3, 2021.

## COUNT I
## NEGLIGENCE

39. The foregoing paragraphs are re-alleged herein as if fully set forth.

40. CBD Pure owed/owes a duty of care to its consumers, to include Plaintiff.

41. Plaintiff was a consumer of CBD Pure's product, to-wit: CBD Hemp Oil 1000 mg, and CBD Unfused Cream 250.

42. CBD Pure breached its duty of care to Plaintiff when it failed to adequately warn him that its product contained THC.

43. CBD Pure's failure to warn Plaintiff that its product contained THC caused him to test positive for THC on his pre-employment urine drug screen on March 3, 2021, resulting in a complaint to and investigation by the Board, and the loss of his prospective job with Fort Sanders.

44. As a direct and proximate result of CBD Pure's carelessness, recklessness, negligence, and violation of the aforesaid duties, laws, and regulations, Plaintiff was caused to suffer harm: Plaintiff's prospective employer, Fort Sanders, withdrew its offer of employment,

thereby causing him to suffer loss of earnings, employment-related benefits, and other pecuniary gain; he was the subject of a complaint and investigation by the Board; and he has suffered shame, inconvenience, and humiliation.

45.     Upon information and belief, CBD Pure willfully and wantonly, recklessly, and/or intentionally failed to disclose that its products contain THC and/or may cause users to test positive for THC, thereby justifying an award of punitive damages.

46.     Plaintiff did not contribute to his injuries, nor did he assume the risk of injury.

47.     Plaintiff has not failed to mitigate his damages.

WHEREFORE, Plaintiff Timothy Anderson, Jr. prays for judgment against CBD Pure for $3 million in compensatory damages, and $3 million in punitive damages, pre- and post-judgment interest from March 3, 2021, and his costs expended on his behalf.

## COUNT II
## PRODUCTS LIABILITY CLAIM: FAILURE TO WARN

48.     The foregoing paragraphs are re-alleged herein as if fully set forth.

49.     At all times relevant herein, CBD Pure's CBD oil was an inherently dangerous product because the danger of injury to consumers stemmed from the product itself, *i.e.*, it contained THC detectable on a urine drug screen, and the danger of injury is not obvious to average users.

50.     CBD Pure's failure to warn, false promises, and/or misrepresentations led Plaintiff to believe that its products were free from THC and undetectable in a saliva or urine screen.

51.     CBD Pure knew that its product contained THC and knew or had reason to believe that its consumers, to include Plaintiff, would likely not realize that its product contained

THC, and failed to exercise reasonable care to inform its consumers, to include Plaintiff, of the existence of THC in its product.

52.     Accordingly, CBD Pure knew or reasonably foresaw that the existence of THC in its product was likely to cause Plaintiff to fail a urine drug screen or otherwise cause injury to him.

53.     As a direct and proximate result of CBD Pure's failure to warn Plaintiff of its inherently dangerous product, Plaintiff was caused to suffer harm: Plaintiff's prospective employer, Fort Sanders, withdrew its offer of employment, thereby causing him to suffer loss of earnings, employment-related benefits, and other pecuniary gain; he was the subject of a complaint and investigation by the Board; and he has suffered shame, inconvenience, and humiliation.

54.     Upon information and belief, CBD Pure willfully and wantonly, recklessly, and/or intentionally failed to disclose that its products contain THC and/or may cause users to test positive for THC, thereby justifying an award of punitive damages.

55.     WHEREFORE, Plaintiff Timothy Anderson, Jr. prays for judgment against CBD Pure for $3 million in compensatory damages, and $3 million in punitive damages, pre- and post-judgment interest from March 3, 2021, and his costs expended on his behalf.

**COUNT III**
**VIOLATION OF THE VIRGINIA CONSUMER PROTECTION ACT**
**(Virginia Code §§ 59.1-196, *et seq.*)**

56.     The foregoing paragraphs are re-alleged herein as if fully set forth.

57.     The Virginia Consumer Protection Act ("VCPA") is intended to "promote fair and ethical standards of dealings between suppliers and the consuming public." Va. Code § 59.1-197.

58.     CBD Pure constitutes a supplier as that term is defined under the VCPA. *See* Va. Code § 59.1-198.

59.     CBD Pure's sale of its CBD oil to Plaintiff constitutes a consumer transaction as that term is defined under the VCPA. *Id*.

60.     The VCPA prohibits, *inter alia*, a supplier in connection with a consumer transaction from "[u]sing any deception, fraud, pretense, false promise, or misrepresentation in connection with a consumer transaction." Va. Code § 59.1-200(14).

61.     CBD Pure committed fraud and/or made a false promise/misrepresentation when it represented to its consumers, to include Anderson, that its products are free from THC and undetectable in a saliva or urine screen, and/or failed to warn or advise consumers of its products that the products contain THC and/or may cause users to test positive for THC.

62.     CBD Pure knew or had reason to know that its products were not free from THC and thus undetectable in a saliva or urine screen.

63.     The VCPA also prohibits suppliers from

> [s]elling or offering for sale any substance intended for human consumption, orally or by inhalation, that contains tetrahydrocannabinol, unless such substance is (i) contained in child-resistant packaging, as defined in § 4.1-600; (ii) equipped with a label that states, in English and in a font no less than 1/16 of an inch, (a) that the substance contains tetrahydrocannabinol and may not be sold to persons younger than 21 years of age, (b) all ingredients contained in the substance, (c) the amount of such substance that constitutes a single serving, and (d) the total percentage and milligrams of tetrahydrocannabinol included in the substance and the number of milligrams of tetrahydrocannabinol that are contained in each serving; and (iii) accompanied by a certificate of analysis, produced by an independent laboratory that is accredited pursuant to standard ISO/IEC 17025 of the International Organization of Standardization by a third-party accrediting body, that states the tetrahydrocannabinol concentration of the substance or the tetrahydrocannabinol concentration of the batch from which the substances originates.

Virginia Code § 59.1-200(70).

64.     Defendant offered for sale and sold CBD oil for human consumption that contained THC.

65.     Defendant's CBD oil sold to Plaintiff was not equipped with a label that stated in English and in a font no less than 1/16 of an inch that it contained THC, or the amount, to include the total percentage and milligrams, of THC contained in the product and in each serving of the product.

66.     Moreover, Defendant did not provide to Plaintiff a certificate of analysis produced by an independent laboratory that is accredited pursuant to standard ISO/IEC 17025 of the International Organization of Standardization by a third-party accrediting body, stating the THC concentration of the CBD oil or the THC concentration of the batch from which the CBD oil originated.

67.     As a direct and proximate results of CBD Pure's violation of the VCPA, Plaintiff was caused to suffer harm: Plaintiff's prospective employer, Fort Sanders, withdrew its offer of employment, thereby causing him to suffer loss of earnings, employment-related benefits, and other pecuniary gain; he was the subject of a complaint and investigation by the Board, and ultimately disciplined by the Board, affecting his ability to practice nursing in Tennessee; he has suffered shame, inconvenience, and humiliation.

WHEREFORE, Plaintiff Timothy Anderson, Jr. prays for judgment against CBD Pure for $3 million in compensatory damages, treble damages, pre- and post-judgment interest, and his reasonable attorney's fees and costs expended on his behalf.

## DEMAND FOR JURY TRIAL

68.     Timothy Anderson, Jr. demands trial by jury.

Respectfully submitted,
TIMOTHY ANDERSON, JR.

*/s/ Melvin E. Williams*
Of Counsel

Melvin E. Williams (VSB No. 43305)
   *mel@williamsstrickler.com*
Meghan A. Strickler (VSB No. 88556)
   *meghan@williamsstrickler.com*
WILLIAMS & STRICKLER, PLC
1320 Third Street, SW
Roanoke, Virginia 24016
(540) 266-7800
(540) 206-3857 *facsimile*
   *Counsel for Plaintiff Timothy C. Anderson, Jr.*